RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 11 2015

Abel Acosta, Clerk

30,092-03

WILLIAM BUFORD HARRISON
T.D.C.J #1969618
MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY TEXAS
75886

TO-THE, CLERK OF COURT
TEXAS COURT OF CRIMINAL APPEALS
 PO BOX 12308
 AUSTIN TEXAS - 78711
        DEAR SIR,
            ENCLOSED IS A COPY OF MY
MEMORANDUM OF LAW THAT COMPLIES WITH
TEXAS RULE OF APPELLATE PROCEDURE 73.
    I FILED AN APPLICATION FOR WRIT OF HABEAS
CORPUS ON 11-06-14 RE: CAUSE NO. 644449-C
179th DISTRICT COURT HARRIS, COUNTY, TEXAS,
CHRIS DANIEL, HARRIS COUNTY DISTRICT CLERK
P.O.BOX 4651 HOUSTON, TEXAS, 77210, I ALSO
SENT A CO THE OTHER COPY OF MY MEMORANDUM
OF ! TO CHRIS DANIEL DATED ON 4-4-2015
FROM THE MICHAEL UNIT, 2664 FM 2054,
TENNESSEE, COLONY, TEXAS, 75886,
    THANK YOU FOR YOUR TIME IN THIS MATTER

P.S. MEMORANDOOM & LETTER
  MAILED ON 5-5-15
  DUE TO MEDICAL
TRANSPORT AND hold
ON MY outgoing MAIL!
 Thank You, Awaiting Reply.

SINCERELY
WILLIAM BUFORD HARRISON
William Buford Harrison

CAUSE NUMBER <u>644449</u> C

179TH DISTRICT COURT

OF

EX PARTE WILLIAM BUFORD HARRISON

<u>HARRIS</u> COUNT, TEXAS

WRIT NO._____

TEXAS COURT OF CRIMINAL APPEALS

AT

AUSTIN TEXAS

## MEMORANDUM OF LAW 1/

TO THE HONORABLE JUDGES OF THE HONORABLE COURT:

COMES NOW <u>WILLIAM BUFORD HARRISON</u> APPLICANT AND SUBMITS THIS(HIS) <u>"MEMORANDUM OF LAW"</u> IN THE ABOVE STYLED AND NUMBERED CAUSE/WRIT, AND BEFORE THIS HONORABLE COURT.

APPLICANT <u>HARRISON</u> WILL SHOW THIS HONORABLE <u>COURT</u> AS FOLLOWS:

### 1

APPLICANT <u>HARRISON</u> FILE'S THIS(HIS) HABEAS WRIT PURSUANT TO THE PROVISIONS OF VERNON'S ANN. TEXAS CODE OF CRIMINAL PROCEDURE, CHAPTER 11, ARTICLE 11.07.

### 2.

AN EVIDENTIARY HEARING IS WARRANTED, APPLICANT <u>HARRISON</u> RESPECTFULLY URGES THIS HONORABLE TEXAS COURT OF CRIMINAL APPEALS TO ORDER THE 179TH DISTRICT COURT, OF <u>HARRIS</u> COUNTY, TEXAS TO CONDUCT AN EVIDENTIARY HEARING IN THIS CAUSE/WRIT (SEE: ARTICLE 11.07:

THAT A COMPLETE RECORD OF THE EVIDENTIARY HEARING BE MADE AND TRANSMITTED (SAME) TO THIS HONORABLE TEXAS COURT OF CRIMINAL APPEALS.

1/ SUPPORTING ORIGINAL HABEAS WRIT NOW BEFORE THIS HONORABLE COURT

## SPECIAL PLEADING

THE "STATES ORIGINAL ANSWER" AND THE STATES PROPOSED FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER." (AND ADOPTED BY THE TRIAL COURT AND BEFORE THIS HONORABLE COURT.) IS NOTHING MORE THAN A MERE "STANDARD FORM" THATS USED DAILY BY THE HARRIS-COUNTY DISTRICT ATTORNEY'S (OFFICE) IN HABEAS WRITS AND THAT FAILS TO ADDRESS THE APPLICANT HARRISON'S HABEAS WRIT.

## 3.

APPLICANT HARRISON IS A LAY PERSON AND IS UNLETTERED IN THE STUDY OF THE LAW, APPLICANT HARRISON SHOULD NOT BE HELD TO THE SAME STRIGENT STANDARD OF PLEADINGS AS THAT OF AN EDUCATED COUNSEL, HAINES V. KERNER ___ US ___ (1972) APPLICANT HARRISON RESPECTFULLY URGES THIS HONORABLE COURT TO CONSTRUE THIS MEMORANDUM LIBERALLY AND IN THE INTREST OF JUSTICE . Id.

## OPPOSITION

APPLICANT HARRISON SHOWS OPPOSITION AS FOLLOWS:

## A.

APPLICANT HARRISON SHOWS SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT THE CURRENT ISSUE(S) COOLD NOT HAVE BEEN

PRESENTED PREVIOUSLY BECAUSE OF YEARS OF UNAVAILABILITY.

A SUBSEQUENT HABEAS WRIT FILED AFTER FINAL DISPOSITION OF AN INITIAL HABEAS WRIT CHALLENGING THE SAME CONVICTION THE ISSUE(S) RAISED IN THIS SUBSEQUENT HABEAS WRIT HAVE NOT BEEN AND COULD NOT HAVE BEEN PRESENTED UNTILL ALL THE ISSUES LISTED IN THIS HABEAS WRIT WHERE FOUND OUT AND EXPOSED BY LISA FALKENBURG @ CHRON.COM AFTER AN IN DEPTH INVESTAGATION BY HERSELF AND OTHER REPORTES EMPLOYED BY THE HOUSTON CHRONICLE.

2/ IS IT NOT A MOCKERY OF THE (LAWS OF) TEXAS JUDICIAL SYSTEM THAT THE HARRIS COUNT DISTRICT ATTORNEY (OFFICE) IS CONTINOUSLY MAKING ?

A "CONSTITUTIONALLY QUESTIONABLE PRACTICES" ? BECAUSE THE FACTUAL OR/AND LEGAL BASIS FOR THE ISSUE(S) NOW RAISED BY APPLICANT HARRISON ONLY BECAME MADE PUBLIC AND BECAME (AWARE OF) AVAILABLE TO APPLICANT HARRISON FOR PRESENTATION BEFORE THE COURT(S) AS A RESELT OF A "HOST OF ARTICLE(S) ON THE ISSUES" PUBLISHED BY THE HOUSTON CHRONICLE (NEWSPAPER) SEE ALSO LISA FALKENBURG @ CHRON.COM) OVER THE PAST YEAR (2014)

THIS HONORABLE COURT MAY AND SHOULD CONSIDER THE MERITS OF AND GRANT RELIEF BASED ON THIS INSTANT HABEAS WRIT. VERNON'S ANN. TEXAS CODE OF CRIMINAL PROCEDURE. CHAPTER 11 ARTICLE 11.07 § 4(A).

## B

APPLICANT HARRISON RAISES THREE (3) CONSTITUTIONAL ISSUES FOR RELIEF IN THIS HABEAS WRIT, AND CONSTITUTIONAL ISSUES FOR RELIEF. AS FOLLOWS:

## B

(1)... <u>FLAWED INDICTMENT BASED ON THE GRAND JURY SYSTEM'S UNFAIRNESS</u> (TWO SEPARATE ISSUE'S)/ARGUMENT(S) UNDER THIS SUBJECT); AND (2)... INEFFECTIVE ASSISTANCE OF COUNSEL BEFORE DURING AND AFTER TRIAL PROCEEDING(S).

## 日

THAT THE ENHANCEMENT PARAGRAPHS OF THE PRE-PREPARED INDICTMENT BEFORE THE GRAND JURY DURING THE DELIBERATION ("NO-BILL" VERSES "TRUE-BILL") IN THIS CAUSE WAS PREVASIVE, PREJUDICE, AND INFLAMMATORY, "COERCED" THE GRAND JURY AND RESULTING IN THE ISSUANCE OF A _____ FLAWED INDICTMENT.

IT IS IN PLANE-VIEW THAT "<u>ENHANCEMENT PARAGRAPHS BEFORE THE GRAND JURY'S HEARING ARE PREJUDICE.</u>"

ENHANCEMENT PARAGRAPHS PREJUDICED THE GRAND JURY'S HEARING AND RESULTS IN A ___ FLAWED INDICTMENT FOR THE FOLLOWING REASONS: 1.(AND "SHOWS") A "<u>CRIMINAL PICTURE</u>" OF APPLICANT'S PRIOR LIFE-STATUS: 2.(AND "<u>SHOWS</u>") THAT APPLICANT TO BE A "<u>CRIMINAL-IN-GENERAL</u>": AND 3. ARE MERE UNPROVEN ALLEGATIONS OF APPLICANT'S PRIOR <u>CRIMINAL STATUS.</u>

IT IS BYOND DOUBT THAT APPLICANT WAS DENIED THE OPPORTUNITY (DEFENCE ARE NOT AND WAS NOT ALLOWED TO BE PRESENT DURING THE GRAND JURY'S HEARING, AND TO THE CONTRARY THE DISTRICT ATTORNEY BEING ALLOWED TO BE PRESENT BEFORE THE GRAND JURY'S HEARING AND TO THE CONTRARY THE DISTRICT ATTORNEY BEING ALLOWED TO PRESENT ALLEGATIONS OF _____ ) TO SHOW OBJECTIONS TO THE PRESENTATION OF THE (PRE-PREPARED INDICTMENT

PRESENTED TO THE GRAND JURY'S HEARING BY THE DISTRICT ATTORNEY) ENHANCEMENT PARAGRAPHS AT THE HEARING OF THE GRAND JURY.

THE ENHANCEMENT PARAGRAPHS PREJUDICED THE GRAND JURY'S HEARING, "COERCED" THE GRAND JURY AND RESULTING IN THE ISSUANCE OF A "TRUE·BILL"(INDICTMENT)___ FLAWED INDICTMENT BASED ON THE GRAND JURY SYSTEM'S UNFAIRNESS [3]

b.

CREATED TO ACT AS A GATEKEEPER IN CRIMINAL CASES (TO THE CONTRARY THE GRAND JURY SYSTEMS UNFAIRNESS [4] IS BECAUSE IT DISPROPORTIONATELY TARGETS MINORITIES AND THE POOR) GRAND JURIES ARE TASKED WITH DECIDING WHETHER ENOUGH EVIDENCE EXIST TO HAND DOWN AN INDICTMENT, WHICH ALLOWS PROSECUTORS TO GO FORWARD IN A CRIMINAL CASE.

BECAUSE OF THE POWER GRAND JURY'S CAN WIELD AND THE SECRECY OF THE PROCESS, CRITICS HAVE LONG COMPLAINED OF THE LACK OF DIVERCITY IN HARRIS COUNTY'S GRAND JURY'S- OUR GRAND JURY'S SHOULD REFLECT THE POPULATION OF HARRIS COUNTY. SLECTED IN A WAY SO THAT ALL (OUR) RESIDENTS FEEL THAT THE SYSTEM IS JUDICIALLY LEGAL AND NOT VIOLATIVE OF DUE PROCESS OF LAW) FAIR.

[3] PERHAPS THIS HONORABLE COURT WILL COME TO AND RENDER A CONCLUSION THAT A VIOLATION OF DUE PROCESS OF LAW HAS OCCURED.

[4] Id.

ADVOCATES OF THE "KEY-MAN" SYSTEM GENERALLY SAY THE ONEROUS SCHEDULING MAKES PICKING A RANDOM GRAND JURY DIFFICULT. THEY POINT TO THE ADVANTAGES OF HAVING A COMMISSIONER WHO CAN FIND VOLUNTEERS WITH FLEXABLE SCHEDULES, GENERALLY RETIREES AND OTHER PEOPLE WHO ARE FINANCIALLY INDEPENDENT.

GRAND JURY PROCEEDINGS ARE SECRET AND THERE IS NO RIGHT OF CROSS-EXAMINATION (CONTRARY TO SEE GOVERNOR OR RICK PERRY'S GRAND JURY ___ TO PROTECT THE GOVERNOR'S INTREST DURING THE GRAND JURY PROCESS. INCLUDING LEGAL RE--SEARCH, WITNESS INTERVIEW AND DEALING WITH THE COURT AND PROSECUTOR ON A BROAD RANGE OF ISSUES). 5]

IN AN AREA AS LARGE AS HARRIS COUNTY (GRAND JURIES IN HARRIS COUNTY TYPICALLY MEET FOR SEVERAL HOURS A DAY TWO DAYS A WEEK FOR THREE MONTHS) HUNDREDS OF FELONY INDICTMENTS MAY BE HANDED DOWN BY A GRAND JURY WITH LITTLE MORE THAN A PREFUNCTORY RECITATION OF THE ALLEGATIONS (PREVASIVE, PREJUDICAL AND INFLAMMATORY: "COERCED" BY THE DISTRICT ATTORNEY) BY PROSECUTORS (PROSECUTORS KNOWINGLY PRESENTING FALSE OR/AND INADMISSIBLE EVIDENCE TO GRAND JURIES TO GET INDICTMENTS HANDED DOWN).

THE "KEY-MAN" SYSTEM... A FREQUENT GRAND JUROR IN A SYSTEM FULL OF LAW ENFORCEMENT-FRIENDLY VOLUNTEERS CURRENTLY THE CRIMINAL JUSTICE SYSTEM IN HARRIS COUNTY HAS BEEN AND IS ON A SINKING TRAJESTORY).

THE SYSTEM CAN BE MANIPULATED BY COMMISSIONERS

TEMPTED TO PICK CRONIES (AT WORST) AND A NARROW SLICE OF SOCIETY (AT BEST). THIS IS A CONFIRMED CASE OF THE GIVE-A-DAMN HUNGER FOR PROSECUTION AT ANY COST, REGARDLESS OF TRUTH OR LEGALITY.

5/ SEE HOUSTON CHRONICLE (NEWSPAPER), CITY/STATE SECTION B,3 SATURDAY, AUGUST 30, 2014.

THAT THE "KEY-MAN" SYSTEM USED IN HARRIS COUNTY TO PICK GRAND JURORS IS RIPE FOR ABUSE AND FAVORITISM 6/

_____ FLAWED INDICTMENT BASED ON THE GRAND JURY SYSTEM'S UNFAIRNESS 7/

(C)

TO BE ENTITLED TO A NEW TRIAL BASED ON AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM (DEFEN-DANT) MUST SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT COUNSEL'S PERFORMANCE WAS DEFICIENT AND THAT THE DEFICENCY PREJUDICED THE DEFENSE. STRICKLAND V. WASHINGTON 466 U.S. 668.104 S. ct. 2052 80 L.E d. 2.d 674 (1984): EX PARTE LANE 303 S.W.3d 702 (TEX. CRIM. APP. 209)

THE FIRST PRONG REQUIRES THE (DEFENDANT) TO SHOW COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS UNDER PREVAILING PRO-FESSIONAL NORM. STRICKLAND 466 U.S. AT 687-88 104 S. ct. 2052: LANE 303 S.W. 3d AT 707.

APPLICANT HARRISON ALLEGES (IN PARTICULAR) THAT COUNSEL WAS INEFFECTIVE FOR:

(1.) FAILURE TO OBJECT TO THE VALIDITY OF THE INDICTMENT ISSUED BY THE HARRIS COUNTY GRAND JURY FOR SAID REASONS:

(A) TWO(2) ENHANCEMENT PARAGRAPHS OF PRE-PREPARED INDICTMENT THAT PREJUDICED THE GRAND JURY'S HEARING:

(B) TWO(2) ENHANCEMENT PARAGRAPHS OF THE PRE-PREPARED INDICTMENT WERE MERE UNPROVEN ALLEGATIONS THAT PREJUDICED THE GRAND JURY'S HEARING _ AND

6/A VIOLATION OF DUE PROCESS OF LAW

7/Id.

(C) TWO(2) ENHANCEMENT PARAGRAPHS OF THE PRE-PREPARED INDICTMENT BEFORE THE GRAND JURY'S HEARING WERE (PERVASIVE AND INFLAMMATORY) PREJUDICED.

APPLICANT HARRISON FARTHER SAYS THAT COUNSEL WAS INEFFECTIVE FOR FAILURE TO INVESTAGATE AND OBJECT TO THE HARRIS COUNTY GRAND JURY BASED ON THE TEXAS SYSTEM'S GRAND JURY IS:

(D) A FLAWED INDICTMENT AND THAT THE "KEY-MAN" SYSTEM (DUBBED "PICK-A-PAL") IS "HIGHLY SUBJECTIVE" AND "SUBSCEPTIBLE OF ABUSE AS APPLIED" AND

(E) A FLAWED INDICTMENT ISSUED BY A GRAND JURY UNDER THE "KEY-MAN" SYSTEM (OVERZEALOUS PROSECUTORS: JUDGES APPOINTING LAW ENFORCEMENT FRIENDLY PEOPLE TO ACT AS COMMISSIONERS: COMMISSIONERS FILLING GRAND JURIES WITH COUNTRY CLUB PALS, ACTIVE DUTY COPS AND EX-COPS, ACTIVE PROSECUTORS AND EX-PROSECUTORS AND MOSTLY WHITE ELITES) IS PREJUDICED AND VIOLATIVE OF DUE PROCESS.

THE SECOND PRONG REQUIRES THE (DEFENDANT) TO SHOW THAT THERE IS A REASONABLE PROBABILITY THAT, BUT FOR (HIS) HER) COUNSEL'S ERROR, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. STRICKLAND 466 US AT 687-694 104 S.ct. 2052: LANE 303 S.W. 3d 707.

THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S INEFFECTIVENESS AND NAMELY;

1. COUNSEL'S FAILURE TO OBJECT AND FOLLOW THROUGH WITH OBJECTIONS TO THE INDICTMENT ISSUED BY THE GRAND JURY, OBJECTIONS BASED ON TWO (2) ENHANCEMENT PARAGRAPHS OF THE PRE-PREPARED INDICTMENT WERE MERE UNPROVEN ALLEGATIONS AND THAT WAS (PREVASIVE AND INFLAMMATORY) PREJUDICED BEFORE THE GRAND JURY'S HEARING: AND

2. COUNSEL'S FAILURE TO OBJECT AND FOLLOW THROUGH WITH OBJECTIONS, BASED ON THE INDICTMENT BEING ISSUED BY A GRAND JURY EMPANELLED UNDER THE "KEY·MAN" SYSTEM THATS VIOLATIVE OF DUE PROCESS:

THE RESULTS OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT: BECAUSE OF THE FOREGOING DISCUSSION (THE ACTS AND OMISSIONS NOTED) APPLICANT HARRISON HAS BEEN DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN THIS CASE.

## FINAL COMMENT

ISSUES OF VIOLATION OF DUE PROCESS OF LAW

_____ THE JUDICIAL SYSTEM IN HARRIS COUNTY, TEXAS, IMPLICITLY CONDONED THE "KEY-MAN" GRAND JURY SYSTEM (IT IS THE COURT'S DUTY TO APPLY THE LAW NOT ABSTRACT PRINCIPLES OF FAIRNESS OR POLICY) ____

THIS IS SO SYMPTOMATIC OF HARRIS COUNTY, TEXAS, AND SO VERY DEPRESSING WHEN YOU CONSIDER HOW (WE) PRIDE OURSELVES FOR A NATION OF LAWS _____ AS LONG AS THEY DON'T INTERFERE WITH A PROSECUTOR'S WIN-LOSS RECORD.

## CONCLUSION

APPLICANT HARRISON RESPECTFULLY PETITIONS THIS HONORABLE COURT TO REVERSE THE JUDGEMENT OF CONVICTION AND ISSUE AN ORDER OF DISMISSAL WITH PREJUDICE THE INDICTMENT, OR AND IN THE ALTERNATIVE, THAT THIS CASE BE REMAND TO THE TRIAL COURT FOR AN EVIDENTIARY HEARING TO BE CONDUCTED, OR AND IN THE ALTERNATIVE, THE APPROPRIATE ACTION) DISPOSITION THIS HONORABLE COURT SO DEEM JUST AND PROPER.

## PRAYER

WHEREFORE PREMISES CONSIDERED, APPLICANT HARRISON RESPECTFULLY URGES THIS HONORABLE COURT TO GRANT APPLICANT HARRISON'S HABEAS WRIT, IT IS SO MOVED AND PRAYED FOR AND IN ALL THINGS.

RESPECTFULLY SUBMITTED

*William Buford Harrison*

WILLIAM BUFORD HARRISON

## CERTIFICATE OF COMPLIANCE AS REQUIRED
## BY TEX. R. APP. 73.1(F)

WILLIAM BUFORD HARRISON APPLICANT AND IN PRO-SE BEFORE THIS HONORABLE COURT FILES THIS (HIS) "CERTIFICATE OF COMPLIANCE" IN THE ABOVE-CAPTIONED CAUSE/WRIT PURSUANT TO TEXAS CODE OF CRIMINAL PROCEEDURE, CHAPTER 11, ARTICLE 11.07, §3. THE APPLICANT HARRISON CERTIFIES THAT THE NUMBER OF WORDS IN THIS (HIS) "MEMORANDUM OF LAW" IS APPROXIMATELY 1850 [81]

DONE AND EXECUTED, ON THIS THE ___4th___ DAY OF ___April___, 20_15_

*William Buford Harrison*

WILLIAM BUFORD HARRISON

[81] LESS NUMBER OF WORDS IN THE "CERTIFICATE OF COMPLIANCE" AND THE "CERTIFICATE OF SERVICE".

WILLIAM BUFORD HARRISON
TDCJ #1969618, MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY TEXAS
75886

HONORABLE CLERK OF THE COURT
OFFICE OF THE CLERK
TEXAS COURT OF CRIMINAL APPEALS

RE: EX PARTE WILLIAM BUFORD HARRISON
WRIT, NO. _____
CAUSE NO. 644449-C (HABEAS WRIT)

DEAR HONORABLE CLERK OF THE COURTS:
    THE ABOVE NOTED ACTION HAVING BEEN TRANSMITED
TO YOUR OFFICE FOR FILE/DOCKET FOR A DISPOSITION.
THE ENCLOSED MEMORANDUM IN THIS HABEAS WRIT/
FILED BEFORE THE COURT FOR DISPOSITION.
    THANK YOU FOR YOUR TIME IN THIS MATTER
EXECUTED ON THIS DAY __4__ OF __April__ 2015


                           RESPECTFULLY


C.C.: FILE                 _William Buford Harrison_
                           WILLIAM BUFORD HARRISON

## CERTIFICATE OF SERVICE

WILLIAM BUFORD HARRISON APPLICANT AND CERTIFIES THAT I HAVE SERVED A COPY OF THIS (MY) "MEMORANDUM OF LAW" IN CAUSE NO 644449-C TO THE STATE ON THIS THE 4th DAY OF April 20 15 BY MAIL AS FOLLOWS:

MS. DEVON ANDERSON · DISTRICT ATTORNEY
HARRIS COUNTY DISTRICT ATTORNEYS OFFICE
1201 FRANKLIN · SUIT 600
HOUSTON, TEXAS, 77002

_William Buford Harrison_
WILLIAM BUFORD HARRISON

STATE OF TEXAS
COUNTY OF HARRIS

I WILLIAM BUFORD HARRISON TDCJ #1969618
BEING PRESENTLY INCARCERATED IN TEXAS
DEPARTMENT OF CRIMINAL JUSTICE AT THE
MICHALE. UNIT,
2664 FM 2054
TENNESSEE COLONY TEXAS
75886
DO DECLARE UNDER THE PENALTY OF PERJURY
THAT THE FOREGOING (STATEMENT/ETC) IS
TRUE AND CORRECT
DONE AND EXECUTED, ON THIS THE
4th DAY OF april 20 15

William Buford Harrison

WILLIAM BUFORD HARRISON